## Colvin *versus* Schell.

1. The contract to convey is generally merged in the conveyance; but there may be incidental covenants that are not so merged.

2. Incidental covenants in a contract to convey which are not merged in the conveyance, do not pass to the second vendees as covenants running with the land.

3. The acceptance of a deed by a grantee who purchased by article of agreement, containing covenants which are not therein merged, may set up a breach of such covenants, in defence to an action for the purchase-money.

ERROR to the court of Common Pleas of *Somerset county*.

By articles of agreement, dated January 18, 1853, Colvin agreed to convey to Schell a tavern house in Somerset, and also to guarantee that the house should remain as it then was, unless Schell should himself agree to alter it. The consideration was to be the conveyance, by Schell, of a house and lot in Huntingdon, and the payment of $2400. At the time, there was a suit pending against Colvin, which had been brought by William Picking to maintain a right of way over ground occupied by Colvin's house.

Schell requested Colvin repeatedly to give him a deed containing a covenant similar to that stipulated in the articles. This Colvin refused to do. In January, 1853, Schell made an agreement with Sanner & Benford to convey the premises to them. On the 30th March, 1853, Colvin executed and delivered to Schell a deed with general warranty, and Schell gave his judgment note for $2400. On the 1st of April, 1853, Schell conveyed the lot to Sanner & Benford. The suit pending against Colvin for the right of way was tried Feb. 12, 1853, and resulted in a verdict for the plaintiff, Picking. Judgment was entered thereupon May 24, 1853, which was affirmed on writ of error by the Supreme Court.

The present case was the judgment entered on the notes by Colvin against Schell for the purchase-money. The defendant below and in error, obtained a rule to show cause why the judgment should not be opened. This rule was made absolute, and on the trial the jury rendered a special verdict, finding the facts above set forth, and assessing the damages sustained by Schell, by reason of the eviction, at $400. The court allowed the defendant credit for the amount, and liquidated the judgment accordingly. This was assigned for error.

*Gaither*, for plaintiff in error, argued that covenants in the contract were merged in the deed, and that the acceptance of the deed by Schell, was a waiver of the guarantee that the house should remain as it was, unless Schell should agree to alter the

[Colvin v. Schell.]

same; *Farmers and Mechanics' Bank* v. *Galbraith*, 10 Barr, 490; *Bailey* v. *Snyder*, 13 S. & R. 160; *Crotzer* v. *Russell*, 9 S. & R. 78; *Anderson* v. *Long*, 10 S. & R. 55; *Connellogue* v. *English*, 8 W. & S. 11; *Creigh* v. *Berlin*, 1 W. & S. 83; *Gregory* v. *Griffin*, 1 Barr, 208; *Wilson* v. *M'Neal*, 10 W. 427; 4 Kent, 471, marg.; Par. on Cont. 109; Com. Dig. B. 1; *Morley* v. *Polhill*, 2 Ventris, 56; 3 Salk. 109; *Smith* v. *Simonds*, Comberbach, 64.

*Edie*, for defendant in error, referred to *West* v. *Stewart*, 7 Barr, 122; 2 Harris, 336.

The opinion of the court was delivered by

LOWRIE, J.—This action is for the purchase-money of land, and the jury have found that the defendant was deprived by paramount title of $400 worth of the property. It is argued that the conveyance showing no warranty against this injury, there is none. Generally, we presume that the contract to convey is merged in the conveyance, but there may be incidental covenants that are not so merged. In this contract to convey, there is a covenant against this very injury, and it is found that the grantee, in accepting the deed, did not intend to relinquish it, and it is not merged.

Moreover, it did not pass to the second vendees as a covenant running with the land, for it is not in the conveyance to either the first or second vendee. It is therefore a mere personal covenant between Colvin and Schell, and the latter is entitled to the damages occasioned by its breach. He could get them by way of equitable defalcation without such a covenant, on the ground that he is deprived of part of the thing for which the consideration was to be an equivalent.

The only difficulty in the way of this result arises from the fact that Schell has sold the land. If he has conveyed it, then Colvin's covenant of warranty has passed to the vendees, and they may possibly be entitled to sue him for the same thing.

In the present case, the difficulty is easily managed, for Schell's vendees have not paid their purchase-money, and they have a complete remedy against their vendor, if they have suffered damage; and if they pay over the purchase-money in full to him they cannot then go back upon Colvin for this defect of the title.

Judgment affirmed.